## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**KEVIN ROSS**                                                          **PLAINTIFF**

**V.**                                    **No. 3:21-CV-00186-ERE**

**KILOLO KIJAKAZI, Acting**
**Commissioner of Social Security**                          **DEFENDANT**

### ORDER

Plaintiff Kevin Ross appeals the final decision of the Commissioner of the Social Security Administration denying his Title II application for disability insurance benefits. For reasons set out below, the decision of the Commissioner is AFFIRMED.

## I.    BACKGROUND

On January 2, 2019, Mr. Ross protectively filed an application for benefits due to deep vein thrombosis in the left hip, a cervical spine disc replacement, a bulging disc in the lumbar spine, a benign tumor in the sinus cavity, syncope, aortic blockage, migraines, and flat feet. *Tr. 10, 195*.

Mr. Ross' claim was denied initially and upon reconsideration. At Mr. Ross' request, an Administrative Law Judge ("ALJ") held a hearing on October 6, 2020, where Mr. Ross appeared with his lawyer, and the ALJ heard testimony from Mr. Ross and a vocational expert ("VE"). *Tr. 30-61*. The ALJ issued a decision on November 13, 2020, finding that Mr. Ross was not disabled. *Tr. 7-28*. The Appeals

Council denied Mr. Ross' request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-6.*

Mr. Ross, who was forty-six years old at the time of the hearing, attended two years of college and has past relevant work experience as a backhoe operator, dump truck driver, concrete mixing truck driver, and tow truck driver. *Tr. 22, 54-55.*

## II.    THE ALJ's DECISION[1]

The ALJ found that Mr. Ross had not engaged in substantial gainful activity since December 10, 2018, the alleged onset date. *Tr. 12.* The ALJ concluded that Mr. Ross had the following severe impairments: lumbar degenerative disc disease; cervical degenerative disc disease post cervical fusion; peripheral neuropathy; osteoarthritis; and deep venous thrombosis. *Id.* However, the ALJ found that Mr. Ross did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 13.*

According to the ALJ, Mr. Ross had the residual functional capacity ("RFC") to perform sedentary work, with the following limitations: (1) no climbing ladders, ropes, or scaffolds; (2) only occasional climbing of ramps or stairs, balancing,

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g).

stooping, kneeling, crouching, or crawling; (3) no exposure to unprotected heights in the workplace; (4) no use of lower extremities for foot control operation duties; and (5) only occasional reaching overhead bilaterally. *Tr. 14*.

In response to hypothetical questions incorporating the above limitations, the VE testified that there were unskilled jobs available with these limitations, such as document preparer and surveillance system monitor. *Tr. 55-56*. Accordingly, the ALJ determined that Mr. Ross could perform a significant number of jobs existing in the national economy, and found he was not disabled.

## III.   DISCUSSION

### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because

substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.     Mr. Ross's Arguments for Reversal

Mr. Ross contends that the Commissioner's decision is not supported by substantial evidence. He argues that the ALJ erred in finding that he could perform the prolonged sitting necessary for sedentary work, and he challenges the ALJ's omission of any neck movement limitations in his RFC. After careful review of the record and the parties' briefs, the Court affirms the Commissioner's decision for the following reasons.

### 1.     Substantial Evidence Supports Sedentary Work RFC

Mr. Ross asserts that substantial evidenced does not support the ALJ's finding that he can perform the prolonged sitting required for sedentary work. *Doc. 14*. At the hearing, Mr. Ross testified that he could sit in one position for only about thirty minutes, and that he must constantly change positions when sitting. *Tr. 16, 49*. This testimony contradicts the ALJ's finding that he could perform sedentary work, which requires being seated for approximately six hours per workday. See Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *3. But an ALJ is not required to accept a claimant's testimony as true. *Pierce v. Kijakazi*, 22 F.4th 769, 772 (8th Cir. 2022).

Here, the ALJ thoroughly reviewed the medical records and found that the limitations expressed by Mr. Ross were not consistent with the medical evidence and

other evidence of record. *Tr. 17*. The ALJ noted a "lack of additional treatment, abnormal physical examination findings, and lack of therapy." *Tr. 21*.

The Court should normally defer to an ALJ's credibility determination. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id*. When evaluating the credibility of a claimant's subjective complaints, an ALJ must consider the *Polaski* factors, which include "the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions." *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010) (quotation omitted) (citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984)). Also relevant is the absence of objective medical evidence supporting the claimant's subjective complaints, although the ALJ cannot discount a claimant's credibility based on this consideration alone. *Id*. at 932.

Mr. Ross argues that the ALJ erred by only discussing the objective evidence and medical opinions while failing to discuss the *Polaski* factors. First, the Eighth Circuit does not require the ALJ to explicitly discuss each of the *Polaski* factors in the written decision as long as it is clear that they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004). Second, contrary to Mr. Ross' argument, the ALJ's evaluation appropriately considered the *Polaski* factors in

determining that his complaints were not entirely consistent with the record. The ALJ noted many of the normal physical findings in the record such as negative findings for back pain, normal gait and posture, normal strength in the extremities, negative bilateral straight leg raising, and full lower extremity range of motion. *Tr. 18-20, 302, 325, 329, 502, 517.* The ALJ also noted that Mr. Ross reported no side effects from his medications. *Tr. 15, 212.* He specifically referenced Mr. Ross' "lack of ongoing treatment for lumbar pain" and "recommended conservative treatment in the form of therapy" as being relevant to the decision. *Tr. 21-22.* See *Pierce*, 22 F.4th at 773 (explaining that a conservative approach to treatment tends to show that a claimant's ailments are not disabling).

Although an ALJ must consider a claimant's work history when evaluating his credibility, the ALJ's failure to explicitly discuss the claimant's work history, standing alone, is not error. *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005). Notably, Mr. Ross' work history was discussed, so remand is not warranted based on the ALJ's treatment of this factor.

Based on the record as a whole, there was sufficient evidence to support the ALJ's RFC finding of a reduced range of sedentary work.

## 2.      The RFC Did Not Require Additional Limitations

Mr. Ross asserts substantial evidence does not support the ALJ's omission of limitations regarding Mr. Ross' neck movement.  *Doc. 14*.

An ALJ's RFC and hypothetical need only include all credible limitations the ALJ finds are established by the evidence. *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011). After taking all of the medical and other relevant evidence into account, the ALJ's RFC limited Mr. Ross to a reduced range of sedentary work based on his cervical degenerative disc disease with decreased range of motion and tenderness. Mr. Ross has not established that further limitations were required for his neck impairment. For example, physical examinations revealed that Mr. Ross' neck was "non-tender . . . with full range of motion," with no muscle spasms and intact motor and sensory function. *Tr. 481 510*. MRI results showed that his lower cervical spine was normal, with no abnormal signs in the spinal cord. *Tr. 452, 509*. Moreover, Mr. Ross worked for years after undergoing neck surgery in 2013. *Tr. 179, 314*. See *Bryant v. Colvin*, 861 F.3d 779, 782-83 (8th Cir. 2017) (observing that a condition that was not disabling during working years and has not worsened cannot be used to prove present disability). The jobs covered by the RFC are much more restrictive than Mr. Ross' past relevant work.

Accordingly, the evidence supports the ALJ's RFC and contradicts Mr. Ross' argument that the RFC failed to account for his neck impairment.

## IV.    CONCLUSION

The ALJ applied proper legal standards in evaluating Mr. Ross' claims, and substantial evidence supports the decision to deny benefits.

Accordingly, Mr. Ross' appeal is DENIED and judgment will be entered for the Commissioner. The Clerk of Court is directed to close the case.

IT IS SO ORDERED this 18th day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE